UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALYSON CORY ADAMS,

       Plaintiff,                      Case No. 1:10-CV-503

v.

                                             HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                                   /

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff objects to the magistrate judge's Report and Recommendation ("R & R"), issued May 27, 2011, recommending that the Commissioner's determination that Plaintiff is not entitled to disability insurance benefits and Supplemental Security Income be affirmed. Having conducted a *de novo* review of the R & R, Plaintiff's objections, and relevant portions of the record, the Court concludes that the R & R should be adopted.

At step four of his analysis, the ALJ concluded that Plaintiff had the following residual functional capacity ("RFC"):

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can lift and/or carry no more than 10 pounds, can stand and/or walk less than two hours per eight hour day with normal breaks, no repetitive reaching or fine manipulation with her right upper extremity and no repetitive pushing pulling with either upper extremity; involving low stress simple repetitive work with few rules with no more than occasional contact with the public, co-workers and supervisors.

(AR 21.) The ALJ also concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent they were inconsistent with the RFC assessment. (AR 22.) Plaintiff objects to the R & R on two grounds, both of which relate to the aforementioned conclusions.

First, although the magistrate agreed with Plaintiff that two of the factors the ALJ relied upon in finding Plaintiff to be only partially credible were not supported by the record, other substantial evidence supported the ALJ's credibility determination. This other evidence includes Plaintiff's numerous and well-documented inconsistent and contradictory statements regarding her drug use, that Plaintiff was placed on probation for larceny, and the numerous discrepancies in the medical record relating to Plaintiff's alleged upper extremity limitations. (R & R at 8-9; AR 22-25.) With her objections, Plaintiff asserts that this evidence is insufficient to support the ALJ's credibility determination because "Plaintiff's struggle with substance abuse and her memory for specific dates and her status of being on probation" have nothing to do with whether she is accurately reporting the limitations imposed by her impairments. (Pl.'s Objections at 3.)

The Court rejects this argument. In assessing a social security claimant's credibility, the ALJ is not prohibited from applying ordinary techniques of credibility evaluation, which would include consideration of a lack of candor in other areas such as drug abuse, *see, e.g.*, *Walker v. Astrue*, No. 1:10cv0920 DLB, 2011 WL 590599, at *11 (E.D. Cal. Feb. 10, 2011) ("An ALJ may properly consider inconsistent statements regarding drug use as diminishing a claimant's credibility."); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (finding that the ALJ properly considered the claimants inconsistent statements relating to her drug and alcohol abuse in assessing credibility because "this lack of candor carries over to her description of physical pain"); *Dubek v. Astrue*, No. C08-5510RBL-KLS, 2009 WL 1155226, at *11 (W.D. Wash. Apr. 29, 2009) (finding that the plaintiff's inconsistent statements to medical personnel regarding her history of substance abuse adversely affected her credibility), as well as a criminal history that includes larceny, *see, e.g.*, *Clemons v. Astrue*, No. 2:10-cv-00892, 2011 WL 2174994, at *16 (S.D. Ohio Apr. 21, 2011) ("It was not error for the administrative law judge to take into consideration plaintiff's criminal history

when assessing credibility."); *Capps v. Astrue*, No. 3:09-CV-431, 2011 WL 721514, at *8 (E.D. Tenn. Jan. 31, 2011) (finding the plaintiff's criminal history to be a "legitimate consideration in evaluating his credibility"); *O'Hara v. Astrue*, No. C08-5526RBL-KLS, 2009 WL 1543637, at *12 (W.D. Wash. May 29, 2009) (finding that, while the mere fact that the claimant has a criminal history or has been incarcerated does not necessarily reflect poorly on her credibility, crimes such as theft, passing bad checks, and shoplifting, which involve dishonesty, do adversely bear on credibility). Because the ALJ did not err in considering these factors, and given the discrepancies in the medical record relating to Plaintiff's claimed upper extremity limitations, the Court agrees with the magistrate that the ALJ's credibility determination was reasonable and supported by substantial evidence.

Plaintiff's second argument relates to the magistrate's conclusion that substantial evidence supports the mental aspect of the ALJ's RFC assessment. The magistrate noted that, while the ALJ's decision thoroughly described Plaintiff's history of substance abuse, it did not explain in any detail the rationale behind the RFC's limitation to "low stress simple repetitive work with few rules with no more than occasional contact with the public, co-workers or supervisors." (R & R at 11; AR 21.) Nonetheless, because the medical record as a whole is consistent with the limitation, the magistrate found no basis on which to disturb the ALJ's decision. With her objections, Plaintiff argues that the ALJ's failure to make sufficiently clear the rationale behind the mental component of the RFC assessment is a violation of the regulations that requires reversal.

Although Plaintiff does not develop this argument nor cite any authority requiring the ALJ to explain the rationale behind every component of the RFC, the Court presumes that Plaintiff is

referring to the "narrative discussion requirements" of SSR 96-8p[1]. *See Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 116 (6th Cir. 2010) (citing SSR 96-8p where the plaintiff argued that the ALJ failed to explain how she determined her residual functional capacity, but finding the ALJ's narrative to be sufficient). According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved," discuss "why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence," "consider and address medical source opinions," and "[i]f the RFC assessment conflicts with an opinion from a medical source, . . . explain why the opinion was not adopted." *Id.*

The portion of the ALJ's opinion dealing with the RFC assessment spans five pages and includes a summary of Plaintiff's testimony regarding her disabling limitations, the ALJ's credibility analysis, and a brief summary of the opinion evidence. Regarding Plaintiff's mental impairments, Plaintiff testified that she has "problems with concentration, forgets where she puts things, and has problems being around other people." (AR 22.) During the credibility discussion, the ALJ addresses nearly ten years of medical records relating to Plaintiff's mental health. It is true that much of the discussion of the mental health records focuses on Plaintiff's inconsistent statements to medical personnel regarding her drug use, but it is not limited to that. For example, the ALJ addresses, among other things, a 2005 consultive psychological evaluation noting that Plaintiff's

---

[1] SSRs "are binding on all components of Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1).

"stream of mental activity was spontaneous, logical, and organized"; 2005-2006 records in which Plaintiff said she was "court ordered to obtain treatment . . . and has no mental health problems"; and August 2007 medical records in which Plaintiff stated she felt "unable to work due to both her physical and mental impairments" and in which the therapist noted Plaintiff's "long history of depression, currently [] depressed mood, low energy and motivation, increased irritability, suicidal ideation, low self-worth, and anxiety making it difficult to concentrate." (AR 23-24.) After describing these and other medical records relating to her physical impairments, the ALJ noted that his RFC assessment was largely consistent with the opinions of plaintiff's treating mental health care provider, primary care physician, and the state agency medical consultants, and that no doctor had stated that she cannot work. The ALJ then concluded as follows:

> In sum, the above residual functional capacity assessment is supported by the objective evidence of cervical degenerative disc disease, the lack of evidence of a severe upper extremity impairment, and *a history of depression and anxiety*.

(AR 25) (emphasis added.)

The Court finds this narrative to be sufficient and agrees with the R & R that substantial evidence supports the ALJ's RFC with respect to Plaintiff's mental condition. Although the ALJ's reference to medical source opinions was brief, it is clear that he took them into account. A review of the record demonstrates that Plaintiff's treating physician, Doctor Windeler, issued opinions to the Michigan Department of Human Services in 2006 and 2007, both of which indicate that Plaintiff had no mental limitations. (AR 499, 509.) The mental RFC assessment conducted by the agency physician in 2005 indicates only minimal limitations and that Plaintiff had the capacity to perform work consistent with her physical limitations. (AR 367-69.) And finally, Plaintiff's treating mental health provider, Ellen Keener, MAL, MSW, assessed Plaintiff's mental ability to do work-related activities as generally fair, although poor in few areas. (AR 550-51.) The Court recognizes that the

ALJ could have more clearly articulated how the evidence relating to Plaintiff's mental abilities translated into the specific mental RFC he chose, but nonetheless finds that the ALJ satisfied the discussion requirements by addressing the medical evidence and plaintiff's credibility. *See Knox v. Astrue*, 327 F. App'x 652, 657 (7th Cir. 2009) (finding the discussion element satisfied by analyzing medical evidence and assessing credibility); *Blevins v. Astrue*, No. 4:08-CV-87-PRC, 2009 WL 2778304, at *14 (N.D. Ind. Aug. 31, 2009) (same).  In addition, the Court notes that Plaintiff simply argues that the discussion was insufficient, but points to no evidence that conflicts with the ALJ's mental RFC assessment, nor explains how she was prejudiced by the ALJ's failure to discuss the issue more thoroughly.  Thus, even if the ALJ's discussion was inadequate under SSR 96-8p, given that the ALJ's RFC is largely, even if not entirely, consistent with the opinions of the medical sources and the record as a whole, any such error was harmless. *See Williams v. Astrue*, No. 0:09-1971-TLW-PJG, 2010 WL 6297625, at *5 (D.S.C. Nov. 3, 2010) (finding that, even assuming the ALJ failed to comply with the discussion requirements of SSR 96-8p, any such error was harmless); *Freeman v. Barnhart*, No. 05-1287-JTM, 2006 WL 4059099, at *11 (D. Kan. Aug. 2, 2006) (noting that because the RFC was generally consistent with the medical opinion evidence, failure to comply with SSR 96-8p's narrative requirements was arguably harmless, but declining to address the issue since the case was already being remanded on other grounds).  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the magistrate judge's R & R are **REJECTED**.  The magistrate judge's R & R (docket no. 12) is **ADOPTED** as the Opinion of the Court.  The Commissioner's decision is **AFFIRMED**.

This case is **closed**.

Dated: July 6, 2011                                         /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE